# Ex Parte Cain.

### [PETITION FOR HABEAS CORPUS.]

1. *Exemption of "ministers of religion" from military service, under act of congress approved February* 17, 1864.—A "minister of religion, authorized to preach according to the rules of his church," and "regularly employed in the discharge of his ministerial duties" on the 17th February, 1864, is exempted from military service by the 10th section of the act of congress approved on that day ; and his right of exemption is not forfeited by the fact that he receives no compensation for his clerical services, and is engaged in a secular pursuit as the means of subsisting himself and his family.

2. *Jurisdiction of State courts to discharge enrolled conscript from custody of Confederate States officer.*—The State courts have jurisdiction, on *habeas corpus*, to discharge from the custody of an enrolling officer of the Confederate States a person who, though held as a conscript, is exempted from military service, as "a minister of religion authorized to preach according to the rules of his church," by the 10th section of the act of congress approved February 17th, 1864.

APPLICATION by Robert Cain, for the writ of *habeas corpus*, by which he sought to procure his discharge from the custody of Capt. John M. Slaughter, the enrolling officer of the Confederate States for the county of Tuskaloosa, who had arrested him on the 10th August, 1864, and held him as a conscript under the acts of congress. The petition was first presented, on the 11th August, 1864, to the Hon. WM. S. MUDD, judge of the third judicial circuit, who, on the hearing under the writ, refused to discharge the petitioner, and remanded him to the custody of the enrolling officer. The petitioner now renews his application to this court, and attaches to his petition, as an exhibit, a certified copy of the proceedings had on the hearing before Judge Mudd. The petitioner claimed to be exempt from military service, on the ground that he was "a minister of religion, authorized to preach according to the rules of his church, and regularly employed in the discharge of his ministerial duties." The enrolling officer, in his return to the writ, denied the petitioner's right of exemption on the ground

specified; asserted his right to detain him as a conscript, under the orders of his superior officers, and the authority of instructions from the bureau of conscription at Richmond, because he was "not exclusively dedicated to the ministry, did not make preaching the business of his life;" and insisted that the judicial officers of the State had no jurisdiction to interfere with his custody of the petitioner. On the evidence adduced at the hearing, Judge Mudd decided, that the petitioner did not make out his claim of exemption on the ground of his clerical profession; to which ruling and decision the petitioner reserved a bill of exceptions.

WM. R. SMITH, for the petitioner.
R. H. MARR, for the Confederate States.

STONE, J.—"Every minister of religion, authorized to preach according to the rules of his church, and who, at the passage of this act, should be regularly employed in the discharge of his ministerial duties," is exempted from military service in the armies of the Confederate States. Act of congress approved February 17th, 1864, section 10, subd. 3. The proof in this case is clear, full, and convincing, that on the 17th of February, 1864, for many years preceding, and ever afterwards, the petitioner was a minister of religion, being regularly ordained, in the Primitive Baptist church, and was regularly employed in the discharge of his ministerial duties. Neither this court, nor any other authority, judicial or executive, in this government, is a hierarchy, clothed with the power of determining the orthodoxy of any religious sect or denomination. It does not vary the question, in the present case, that Mr. Cain belonged to a sect of religionists, who perform ministerial labor gratuitously; and that therefore he resorted to some secular employment, as a means of subsisting himself and his family. If regularly employed as a minister, the fact that, in the interval between his appointments, he pursued some other vocation, which did not, according to the rules of his church, disqualify him for the sacred functions of the ministry, cannot take his exemption from him.

28

The language of the act of congress is, "regularly employed." The word *regularly* means, according to rule—in uniform order—methodically. It is not the synonym of continuously. Mr. Cain was employed in the discharge of his ministerial duties regularly—according to rule—and was, therefore, exempt from military service, under both the letter and the spirit of the act of congress.

[2.] The State courts have jurisdiction of the question presented in this case. Mr. Cain, as we have shown above, " stands absolutely and unconditionally exempt from military service, because he belongs to [a] sect or class which the act of congress declares operates an exemption." The enrolling officer has *erroneously applied his authority to a person not within its scope.*—*Ex parte Hill*, 38 Ala. 429, 458.

The counsel engaged in this cause have agreed to a state of facts, and have consented that a final judgment may be rendered, without awaiting a return to the writ of *habeas corpus*. The petitioner, under the proof, is entitled to his discharge ; and the writ of *habeas corpus* is ordered to issue, unless the counsel engaged are content to apply to the judge below for the relief they seek, as herein indicated.